# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: July 22, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
MARK TRIMBLE,                        *              Unpublished
                                     *
                                     *
          Petitioner,                *              No. 20-621V
                                     *
v.                                   *              Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *              Decision on Damages;
AND HUMAN SERVICES,                  *              Influenza ("Flu"); Guillain-Barré
                                     *              Syndrome ("GBS").
          Respondent.                *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Nathaniel Enos,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Kyle E. Pozza,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On May 19, 2020, Mark Trimble ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu")  and tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine administered on November 10, 2017.  Petition at Preamble (ECF No. 1).  I issued a Ruling on Entitlement, finding that petitioner was entitled to compensation.  *See* Ruling on Entitlement (ECF No. 26).

On July 22, 2021, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $176,803.06, representing $165,000.00 in past pain and suffering, $6,953.06 in unreimbursed past expenses, and $4,850.00 in future medical costs.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Proffer at 1-2 (ECF No. 36).  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.* Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award the following:

**A lump sum of $176,803.06, in the form of a check payable to petitioner.**  This amount represents $165,000.00 for pain and suffering, $6,953.06 for past unreimbursed expenses, and $4,850.00 for future medical expenses.  This amount represents all elements of compensation to which petitioner would be available under 42 U.S.C. § 300aa-15(a).

I adopt respondent's proffer attached to this decision, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                       )

MARK TRIMBLE,                   )    No. 20-621V
                                    )    Special Master Gowen

            Petitioner,       )

v.                               )

SECRETARY OF HEALTH AND    )
HUMAN SERVICES,              )

           Respondent.      )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 8, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On February 4, 2021, Special Master Gowen issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his Guillain-Barré syndrome ("GBS") and related sequela.

## I.    Amount of Compensation

Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$176,803.06.** The award is comprised of the following: $165,000.00 for pain and suffering, $6,953.06 for past unreimbursed expenses, and $4,850.00 for future medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Special Master's damages decision and the Court's judgment award the following: [1]

### A. Petitioner's Damages

Respondent recommends that the compensation provided to petitioner should be made through:

> a lump sum of **$176,803.06,** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

### B. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-3661
E-mail: Kyle.Pozza@usdoj.gov

Dated: July 22, 2021